United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50165
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO MUNOZ-MORQUECHO, also known as Arturo
Munoz, also known as Arturo Morquecho, also
known as Alberto Contreras, also known as Alberto
Estrada Contreras, also known as Arturo Morquecho
Munoz, also known as Arturo Morquecho, also known
as Arturo Munos, also known as Alberto Estrada,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-03-CR-400-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Arturo Munoz-Morquecho appeals the sentence imposed
following his guilty plea conviction of being found in the United
States after deportation/removal in violation of 8 U.S.C. § 1326.
Munoz-Morquecho contends that 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b) define separate offenses.  He argues that the prior
conviction that resulted in his increased sentence is an element

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Munoz-Morquecho maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the maximum terms of imprisonment and supervised release which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Munoz-Morquecho acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.